**IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| IOSTAR Corporation, a Delaware company,<br><br>Plaintiff,<br><br>v.<br><br>JAMES STUART, an individual; GEORGE FRENCH, an individual; RICHARD BUSCH, an individual; COMTACT CORPORATION, a Florida company; and SPACE STATION DEVELOPMENT CORPORATION, a Wisconsin company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM AND FOR PROTECTIVE ORDER**<br><br>Case No. 1:07 CV 133 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Plaintiff IOSTAR Corporation (IOSTAR) and Third Party Defendants Robert D'Ausilio and Syliva D'Ausilio (Ausilo) (collectively, IOSTAR and D'Ausilo are the IOSTAR Parties) seek a protective order limiting subpoenas issued by George French (French) directed to financial institutions and the accounting firm with whom they deal.[1]

**Nature of the Claims**

Plaintiff alleges that Defendants have misappropriated Plaintiff's trade secrets,[2] which Defendants deny. Defendants French, Stuart and Busch have filed counterclaims and third party complaints alleging wrongdoing in management and operation of IOSTAR.[3]

French alleges[4] several misrepresentations by the IOSTAR Parties, about the existence of audited financial statements,[5] funding in an escrow account,[6] compliance with tax laws,[7] future reimbursement of expenses[8] and compliance with other laws and regulations.[9]

---

[1] Motion to Quash or Modify Subpoenas Duces Tecum and for Protective Order, docket no. 51, filed February 1, 2008.
[2] Verified Complaint and Jury Demand, docket no. 2, filed October 9, 2007.
[3] Docket nos. 26, 28 and 63.

**Subpoenas to Third Parties Seeking Information about
Plaintiff and Third Party Defendants**

Defendant French issued subpoenas[10] to banks and financial advisers of the IOSTAR Parties.[11]  Movants describe the scope of the subpoenas and their relation to issues in the case:

> The Subpoenas seek not only the production of IOSTAR's bank, tax and financial records, but also the production of all the personal financial and banking information "that refer or relate to" Robert and Silvia D'Ausilio, officers of IOSTAR. The overly broad requests therefore call for account information in the D'Ausilios' names and in the name of SKD Mfg. Corp. ("SKD"), an entity owned by Sylvia D'Ausilio that is entirely unrelated to and not implicated by the allegations in this lawsuit. Even with respect to the requested information regarding IOSTAR and its predecessor-in-interest, Intraspace, the Subpoenas are overly broad as to time in that they request information from 2000 through the present, when the relevant time frame as set forth in French's allegations in 2005-2006.[12]

Thus, the objections fall into two categories – time and subject.[13]

**Standing**

At the outset, the parties debate movants' standing to move against the subpoenas. French points out that the recipients of the subpoenas appear happy to comply.  "[T]he third parties who have received the subpoenas have not objected and had been cooperating to produce documents."[14]  If true, this is a sad commentary on our times, that those in custody of significant

---

[4] Defendant George French's Answer to the Complaint and Counterclaim (French Counterclaim), docket no. 26, filed December 3, 2007.
[5] French Counterclaim ¶ 12.
[6] *Id.* ¶ 13.
[7] *Id.* ¶ 14.
[8] *Id.* ¶ 15.
[9] *Id.* ¶ 16.
[10] The subpoenas are attached as Exhibits A and B to the Memorandum in Support of Motion to Quash or Modify Subpoenas Duces Tecum and for Protective Order, docket no. 52, filed February 1, 2008.
[11] Bank of Utah; JPMorgan Chase Bank, N.A.; and the accounting firm of Child, Van Wagoner & Bradshaw, PLLC.
[12] Memorandum in Support of Motion to Quash or Modify Subpoenas Duces Tecum and for Protective Order (Supporting Memorandum) at ii, docket no. 52, filed February 1, 2008.
[13] The concerns about information passing to "direct competitors of IOSTAR" (Supporting Memorandum at ii) appear moot since entry of a stipulated protective order permitting sensitive competitive information to be withheld from parties.  Docket no. 74, filed March 31, 2008.
[14] Opposition to Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum and for Protective Order (Opposition Memorandum) at 4, docket no. 57, filed February 19, 2008.

personal financial information yield immediately to the request of a stranger.  French's statement that the parties responding to the subpoenas are "the real parties in interest" shows that French too has no concept of what is at stake on this motion.[15]

The court has the power to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[16]

## Time Frame

Movants object that the subpoenas seek information "long before and well after the events at issue."[17]  French, however, alleges that "the wrongdoing underlying those misrepresentations [at issue] dates back to 2000 and likely before that time."[18]  He points out that allegedly overvalued "patents relate back to applications filed in 2001 and 'technical specifications and designs' that pre-date 2001."[19]  French says the "financial transactions of IOSTAR [over time] are directly relevant to determining the value of such alleged trade secrets based on investments made in, and financial transactions related to, them over time."[20]  He says that "[w]hile the misrepresentations were made to French in 2006 and 2007, the misrepresentations related to years of corporate malfeasance and financial improprieties dating back at least 2000."[21]  Review of the French counterclaim shows that these allegations are consistent with the history relating to IOSTAR's corporate financial information.

French argues that another justification for discovery of broad financial data is that "financial data is identified directly as one of the alleged [misappropriated] trade secrets."[22] However, it would be anomalous to allow French to discover financial data in addition to that

---

[15] *Id.*
[16] Fed. R. Civ. P. 26(c)(1).
[17] Supporting Memorandum at 2.
[18] Opposition Memorandum at 8.
[19] *Id.* at 7.
[20] *Id.* at 8.
[21] *Id.* at 9.
[22] *Id.* at 8.

alleged to have been misappropriated. This discovery is not focused on trade secret financial data, but seeks it generally.

### D'Ausilio and SKD Financial Data

Third-Party Defendants D'Ausilio claim that there are "overly broad requests" which call for "account information in the D'Ausilios' names and in the name of SKD Mfg. Corp. ('SKD'), an entity owned by Sylvia D'Ausilio that is entirely unrelated to and not implicated by the allegations in this lawsuit."[23] French makes a tenuous argument of potential entitlement to this information.

"The present subpoenas seek information to demonstrate that Robert and Sylvia D'Ausilio diverted funds from IOSTAR to their personal accounts."[24] French claims "that INTRASPACE was involved in litigation that an arbitration award of $17,000,000 and another trial judgment of $8,500,000. French and Stuart are entitled to discover how those significant sums were misused and the value of IOSTAR and its stock was therefore negatively impacted."[25] "French and Stuart believe that those, and other IOSTAR funds, were diverted to the D'Ausilios' personal bank accounts."[26] No proof is offered in support of the allegations that the funds were misused, and diverted, much less to accounts of D'Ausilio or SKD.

It may well be that French will be entitled to this information eventually, but before pursuing discovery against third parties, for such broad financial information, discovery directed to the parties and to the specific issue of use of identified funds should be conducted. The breadth of the subpoenas for D'Ausilio and SKD's financial information at this stage creates a risk of unnecessary invasion of their legitimate privacy interests that outweighs the potential

---

[23] Supporting Memorandum at ii.
[24] Opposition Memorandum at 3.
[25] *Id.* at 10.
[26] *Id.* at 11.

benefits to be yielded. At a later date, if some evidence of misappropriation appears, without explanation of use that excludes D'Ausilio or SKD, and discovery directed to the parties to the lawsuit is insufficient then appropriately focused third party discovery may be appropriate.

## ORDER

IT IS HEREBY ORDERED that the motion[27] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the subpoenas subject of this motion shall be MODIFIED in accordance with this order and that French shall provide a copy of this order to the recipients of the subpoenas, filing proof with the court within ten days.

IT IS FURTHER ORDERED that French may issue revised descriptions of Documents to Be Produced for each of the subpoenas consistent with this order and shall do so under the provisions of DUCivR45-1.

IT IS FURTHER ORDERED that until further order of the court or written agreement with counsel French shall not issue any subpoenas seeking to gather information regarding the personal finances of D'Ausilio or SKD.

April  9 , 2007.

BY THE COURT:

*David Nuffer*
David Nuffer
U. S. Magistrate Judge

---

[27] Motion to Quash or Modify Subpoenas Duces Tecum and for Protective Order, docket no. 51, filed February 1, 2008.