## IN THE UNITED STATES JUDICIAL DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

IOSTAR Corporation, a Delaware company,

Plaintiff,

v.

JAMES STUART, an individual; GEORGE FRENCH, an individual; RICHARD BUSCH, an individual; COMTACT CORPORATION, a Florida company; and SPACE STATION DEVELOPMENT CORPORATION, a Wisconsin company,

Defendants.

**MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL RESPONSES TO DISCOVERY**

Case No. 1:07 CV 133 DB

District Judge Dee Benson

Magistrate Judge David Nuffer

---

Defendant James Stuart seeks to compel Plaintiff IOSTAR Corporation (IOSTAR) and Third Party Defendant Robert D'Ausilio (collectively the IOSTAR Parties) to respond to discovery served January 11, 2008.[1]   The IOSTAR Parties object because the interrogatories delivered[2] allegedly exceed the number of 25 permitted by the scheduling order[3] in this case.

> Defendant James Stuart ("Stuart") has served on the Answering Parties approximately 170 interrogatories, including discrete subparts.  Although Stuart purported to serve 25 Interrogatories on each of IOSTAR and D'Ausilio, the actual number is approximately 170 because: (1) each of Stuart's 25 Interrogatories requests certain substantive information, a separate identification of witnesses, and a separate identification of documents, for a total of 75 discrete subparts; (2) in seeking the bases in Interrogatory No. 25 for each denial of Stuart's Requests for Admission, Stuart added another 36 discrete subparts; and (3) Stuart's Interrogatory Nos. 2-20 and 22-24 add approximately an extra 59 discrete subparts, since each of those Interrogatories is comprised of multiple discrete subparts relating to the substance of this case.[4]

---

[1] Defendant Dr. James Stuart's Motion to Compel Responses to Discovery, docket no. 58, filed February 20, 2008.
[2] The interrogatories (and requests for admission and production) are attached as Exhibit 2 to Defendant Dr. James Stuart's Memorandum in Support of Motion to Compel Responses to Discovery (Supporting Memorandum), docket no. 59, filed February 20, 2008.
[3] Scheduling Order, docket no. 47, filed January 14, 2008.
[4] IOSTAR's Memorandum in Opposition to Defendant Dr. James Stuart's Motion to Compel Responses to Discovery (Opposition Memorandum) at 2, docket no. 66, filed March 10, 2008.

The magistrate judge believes the IOSTAR Parties' math is correct, even though their analysis may be overly technical.  The magistrate judge also believes that the case law cited by the IOSTAR Parties is correct.  The magistrate judge also agrees with most of the characterizations of the interrogatories.

- Interrogatories which ask for "substantive information, a separate identification of witnesses, and a separate identification of documents"[5] are indeed compound, and have been held to have three discrete subparts.[6]

- The 25th interrogatory asks for the basis of denial of each of Stuart's 12 requests for admission.  Another case has held that "[a]llowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of [the] requests for admissions were based . . . essentially transforms each request for admission into an interrogatory."[7]

- IOSTAR Parties claim that interrogatories 2-20 and 22-24 seek information on more than one discrete subject and thus must each be counted as more than one interrogatory.[8]  In some instances, the compounding started with IOSTAR's complaint.  Some of the interrogatories simply quote from one or more logically related paragraphs of the complaint.[9]  Others seek a broad range of information on a specific cause of action[10] or defense to the Stuart's claims.[11]  The determination of whether an interrogatory is

---

[5] Opposition Memorandum at 2.
[6] *Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004).
[7] *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).
[8] Opposition Memorandum at 2 and 13-16.
[9] E.g., Interrogatories Nos. 2-5, 7.
[10] E.g., Interrogatories Nos. 6, 8-20.
[11] E.g., Interrogatories Nos. 21-24.

actually one or many depends on whether subparts are "logically or factually subsumed within and necessarily related to the primary question."[12]

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question?[13]

The magistrate judge is aware that in actual practice these technical specifications for counting interrogatories are more often breached than observed.  It is necessary to inquire after facts, and essential to know about witnesses and documents which tend to prove those facts.  It is nearly a universal practice to ask why a request for admission was denied, as human nature requires more than a binary response.  Contention interrogatories often focus on an entire claim or defense.  In fact, most complex cases such as this one, with "a 24-page, 134 paragraph Complaint . . . alleging fifteen causes of action"[14] would normally have a nearly identical set of interrogatories.  The magistrate judge sees discovery like this in motions to compel or for protective order which address other more substantive issues, and ignore the counting of discovery requests.  (Of course, many cases have far fewer interrogatories, and others have no discovery disputes.)

In order to define issues and organize toward resolution of cases like this, discovery is necessary.  Deliberate outlining of issues, and identification of factual predicates, from witnesses and exhibits, such as is requested in these interrogatories, is probably the best way to accomplish the task.  Stuart has identified the major issues from his point of view, and put forth discovery.

---

[12] *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) (citation omitted).
[13] *Id.*
[14] Supporting Memorandum at 2.

As Magistrate Judge Facciola has suggested, simple counting may "beg the question presented."[15]  The question is how we move the case along.

The IOSTAR Parties have essentially refused to respond, based on the number of interrogatories.  Therefore, nothing has been accomplished to focus, define, and resolve the essential dispute, and we are caught in a side-discussion about how to get there from here.

It appears the IOSTAR Parties' focus on numbers is a short-hand way of saying the burden is too great.  The definitions strapped on to modern discovery geometrically expand the scope of even "fewer than twenty-five interrogatories" because of "the use of definitions . . . that attempt to force an opponent to provide information about every document, witness, or event."[16]  These interrogatories suffer from this understandable but overwhelming attempt to be exhaustive.  No attorney wants to ask for less than "all" evidence, but a search for minutiae is an excessive burden.

After careful review, in light of the parties' clear briefing, the magistrate judge is convinced that the interrogatories are a reasonable tool for defining and refining this case, if they are answered in a *fair and reasonable* way.  25 important areas of inquiry are presented.  Depositions would take days, and involve many people, and would be relatively disorganized and complex.  It is time to get to the substance of this case and the interrogatories are a good way to do it.

The IOSTAR Parties will need to be reasonably complete in their responses, and Stuart will need to be reasonable in his assessment of responses before making a motion to compel.  The court will not require precise delivery of "a particularized statement of *each and every* fact;" "the identity of each person who has *any* knowledge;" and "the identity of *each and every*

---

[15] *Banks*, 222 F.R.D. at 10.
[16] *Lawrence v. First Kansas Bank & Trust Co.,* 169 F.R.D. 657, 662 (D.Kan. 1996)(quoting William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice*, 4-5 to 4-7 (2d ed.1994)).

document . . .which contains *any* facts which would *tend* to support . . . allegations"[17]  But the court will require more than the summary rejection of the discovery that the IOSTAR Parties have made.

**ORDER**

IT IS HEREBY ORDERED that the motion to compel[18] is GRANTED IN PART in that the IOSTAR Parties shall, on or before May 16, provide reasonable answers to James Stuart's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to IOSTAR Corporation and Robert D'Ausilio.  To the extent that this order is in conflict with the Scheduling Order, that order is amended accordingly.

IT IS FURTHER ORDERED that in addition to any other efforts to communicate about any further issues on this discovery, counsel shall meet and confer in person before any further motion related to this discovery is filed.

April 25, 2007.

BY THE COURT:

David Nuffer
U. S. Magistrate Judge

---

[17] Definitions, James Stuart's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to IOSTAR Corporation and Robert D'ausilio at 6, attached as Exhibit 2 to Supporting Memorandum.
[18] Defendant Dr. James Stuart's Motion to Compel Responses to Discovery, docket no. 58, filed February 20, 2008.